## WESTERN ASSUR. CO. v. WEINER.
### No. 4080.

Circuit Court of Appeals, Third Circuit.
Feb. 11, 1930.

230

Horace M. Schell, of Philadelphia, Pa., for appellant.

Arthur S. Arnold, of Philadelphia, Pa., and M. Bernard Hoffman, of Reading, Pa., for appellee.

Before BUFFINGTON, Circuit Judge, and THOMSON and AVIS, District Judges.

BUFFINGTON, Circuit Judge.

In a state court, Weiner, a citizen of Pennsylvania, brought suit against the Western Assurance Company, a corporate citizen of Canada, to recover on an alleged oral insurance contract on plaintiff's store for loss by fire of use and occupancy. The defendant, a corporate citizen of Canada, removed the case to the federal court below. Trial by jury was waived, the facts stipulated, whereupon the trial judge made findings of fact that the alleged oral contract was duly proved, and entered judgment for the plaintiff. Whereupon the defendant took this appeal.

We here note that the case has been tried and argued on the assumption that this Court will consider the case de novo. On the contrary, the judgment entered below has the same force and effect as a judgment entered upon a verdict. It follows, therefore, that on this appeal this court has but two questions before it: First, was there evidence in the case from which the findings of fact could be made? And, secondly, was there error in the application of the law to such found facts?

On the trial, no oral proof was given, the facts were stipulated, and they were such as warranted the court in finding as a fact what it did, namely, that an oral contract was made between the defendant's duly authorized agent and the plaintiff for insurance against the loss of the use and occupancy by the burning of the plaintiff's store; that defendant's agent noted a binder for the defendant, in writing, on a memorandum pad; that the term of insurance was for one year; that the amount of indemnity was agreed on as the profits and expenses showed by plaintiff's books of account; that the premium was fixed as the rate established by the Under-

writers' Association of the Middle Department of Pennsylvania. Without entering further into the details of the stipulation, we are of opinion the trial judge had before him stipulated facts which warranted him in finding, as he did, that "in the case at hand, the subject matter of the insurance, the duration of the risk and the extent of the hazard assumed are certain and definite beyond question, and that on these necessary elements of oral insurance there was a clear meeting of the minds of the parties."

All the elements of an insurance contract being established, the single question remains: Was such contract unenforceable because not in writing? As no statute requires it should be in writing, it logically follows that, if sufficient in its terms and clearly proved, the fact that it was not in writing does not make it unenforceable.

Finding no error here involved, the judgment below is affirmed.